IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

SEP 22 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr133 |
| | ) | |
| CHRISTOPHER ERIC COLQUITT, | ) | 18 U.S.C. § 2252(a)(2) |
| | ) | Receipt of Images of Minors |
| Defendant, | ) | Engaging in Sexually Explicit Conduct |
| | ) | (Counts 1-5) |
| | ) | |
| | ) | 18 U.S.C. § 2252(a)(4)(B) |
| | ) | Possession of Images of Minors Engaging |
| | ) | in Sexually Explicit Conduct |
| | ) | (Counts 6-7) |
| | ) | |
| | ) | 18 U.S.C. § 2253 |
| | ) | Forfeiture |

### INDICTMENT

September 2016 Term -- At Norfolk, Virginia

### COUNT ONE

THE GRAND JURY CHARGES THAT:

On or about June 15, 2015, in Virginia Beach, in the Eastern District of Virginia, and elsewhere, defendant CHRISTOPHER ERIC COLQUITT did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, that is: CHRISTOPHER ERIC COLQUITT received a visual depiction bearing the file name "(PTHC) Notta 2008 g 5yo.mpg."

(In violation of Title 18, United States Code, Section 2252(a)(2).)

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 18, 2016, in Virginia Beach, in the Eastern District of Virginia, and elsewhere, defendant CHRISTOPHER ERIC COLQUITT did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, that is: CHRISTOPHER ERIC COLQUITT received a visual depiction bearing the file name "9-[JANE DOE].flv."

(In violation of Title 18, United States Code, Section 2252(a)(2).)

## **COUNT THREE**

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 21, 2016, in Virginia Beach, in the Eastern District of Virginia, and elsewhere, defendant CHRISTOPHER ERIC COLQUITT did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, that is: CHRISTOPHER ERIC COLQUITT received a visual depiction bearing the file name "lsd02-09-02.mpg."

(In violation of Title 18, United States Code, Section 2252(a)(2).)

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 1, 2016, in Virginia Beach, in the Eastern District of Virginia, and elsewhere, defendant CHRISTOPHER ERIC COLQUITT did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, that is: CHRISTOPHER ERIC COLQUITT received a visual depiction bearing the file name "lsd03-09-02.mpg."

(In violation of Title 18, United States Code, Section 2252(a)(2).)

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 4, 2016, in Virginia Beach, in the Eastern District of Virginia, and elsewhere, defendant CHRISTOPHER ERIC COLQUITT did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, that is: CHRISTOPHER ERIC COLQUITT received a visual depiction bearing the file name "4yo Boy And Mom We Need A Video Like This Boy Mother Straight Shota Frifam Mommy Sucks Little Yr Son.jpg."

(In violation of Title 18, United States Code, Section 2252(a)(2).)

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 16, 2016, in Virginia Beach, in the Eastern District of Virginia, defendant CHRISTOPHER ERIC COLQUITT did knowingly possess one or more matters, that is, a Touro external hard drive, which was manufactured outside of the Commonwealth of Virginia, which contained visual depictions that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which was produced using materials which had been mailed, and so shipped and transported, by any means including by computer, and the production of such visual depictions involved the use of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct, and such visual depictions are of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(4)(B).)

## **COUNT SEVEN**

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 16, 2016, in Virginia Beach, in the Eastern District of Virginia, defendant CHRISTOPHER ERIC COLQUITT did knowingly possess one or more matters, that is, a Dell XPS laptop computer and the hard drive contained therein, both of which were manufactured outside of the Commonwealth of Virginia, which contained visual depictions that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which was produced using materials which had been mailed, and so shipped and transported, by any means including by computer, and the production of such visual depictions involved the use of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct, and such visual depictions are of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(4)(B).)

## **CRIMINAL FORFEITURE**

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

A. Defendant CHRISTOPHER ERIC COLQUITT, upon conviction of one or more counts in this Indictment, as part of the sentencing of the defendant pursuant to Fed.R.Crim.P. 32.2, shall forfeit to the United States:

1. Any and all matter which contains child pornography or any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 2251 *et seq.*;

2. Any and all property, real and personal, used or intended to be used in any manner or part to commit or to promote the commission of violations of Title 18, United States Code, Section 2251 *et seq.*, and any property traceable to such property;

3. Any and all property, real and personal, constituting, derived from, or traceable to gross profits or other proceeds obtained from the violations of Title 18, United States Code, Section 2251 *et seq.*; and

4. Any other property of the defendant, up to the value of the property subject to forfeiture, if any property subject to forfeiture, as a result of any act or omission of the defendant (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty.

B. The property subject to forfeiture under Paragraph A includes, but is not limited to, the following items seized in or around June 2016:

1. One (1) Touro external hard drive (S/N 1MK6WE9K); and

2. One (1) Dell XPS laptop computer (Service Tag CC84SD1) and the hard drive contained therein.

(All pursuant to Title 18, United States Code, Sections 2253 and Title 21, United States Code, Section 853(p).)

United States v. Colquitt
2:16CR 133

Sealed Pursuant to the
E-Government Act of 2002

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Elizabeth Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Fax Number: (757) 441-6689
E-Mail Address: Elizabeth.Yusi@usdoj.gov